# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-411-RJC-DCK

| | |
|---|---|
| DeSHANE A. MCCASKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Document No. 17) and Plaintiff's "Motion For Leave To File Third Amended Complaint To Revisit And Reassert My Claim For Age Discrimination Of Employment Act Of 1967" (Document No. 20). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend and direct that the pending motion to dismiss be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

*Pro se* Plaintiff DeShane McCaskey ("Plaintiff" or "McCaskey") filed a "Complaint For Employment Discrimination" (Document No. 16) (the "Second Amended Complaint") on February 15, 2019. Defendant then filed the now pending "Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Document No. 17) on February 28, 2019.

On March 14, 2019, in response to Defendant's first motion to dismiss, Plaintiff filed a copy of a letter to Defendant's counsel seeking "written consent from United States Postal Service, Defendant, to amend my claim to support The Age Discrimination Act (ADEA) of 1967, which I originally filed my complaint under." (Document No. 18). Plaintiff alleges that she "recently recovered additional document information to cure deficiencies found in my claim that will sufficiently support the allegations." Id. On April 8, 2019, Plaintiff filed a "Motion For Leave To File Third Amended Complaint To Revisit And Reassert My Claim For The Age Discrimination Of Employment Act Of 1967" (Document No. 20).

Defendant opposes allowing Plaintiff leave to amend. See (Document Nos. 19 and 23).

After careful consideration of the above-mentioned filings and other filings by the parties in the record, the undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend. The Court will, therefore, allow *pro se* Plaintiff to file a Third Amended Complaint which will supersede Plaintiff's "Second Amended Complaint" (Document No. 16). Furthermore, the undersigned will direct that "Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Document No. 17)" be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Third Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss. *Pro se* Plaintiff is respectfully advised that further amendment of the Complaint will not be allowed following her filing of a Third Amended Complaint. In filing a fourth and final Complaint in this matter, *pro se* Plaintiff

is respectfully encouraged to consider the Court's previous "Order" (Document No. 4), as well as Defendant's alleged deficiencies regarding previously filed Complaints here. See (Document Nos. 17 and 19). As previously ordered, Plaintiff's Third Amended Complaint should attach copies of any "Notice Of Right To Sue" and "Charge Of Discrimination" from any underlying EEOC proceedings. See (Document No. 13).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To File Third Amended Complaint…" (Document No. 20) is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that Plaintiff shall file a "Third Amended Complaint" on or **August 12, 2019**. Plaintiff shall attach copies of her "Notice Of Right To Sue" and "Charge Of Discrimination" from the underlying EEOC proceedings to the "Third Amended Complaint."

**IT IS FURTHER ORDERED** that "Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Document No. 17) is **DENIED AS MOOT**.

The Clerk Of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: July 24, 2019

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."