IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-411-RJC-DCK

| | |
|---|---|
| DESHANE A. MCCASKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Federal Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Document No. 42). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff DeShane McCaskey ("Plaintiff" or "McCaskey") initiated this action with the filing of a *pro se* "Complaint For Employment Discrimination" against the United States Postal Service ("USPS") and Tarra Witherspoon ("Witherspoon") on July 27, 2018. (Document No. 1). On August 9, 2018, Plaintiff filed a *pro se* Amended Complaint, adding three new defendants in addition to USPS and Witherspoon: Ron Cole ("Cole"), Kyra Jackson ("Jackson"), and Paula Hilliard ("Hilliard"). (Document No. 3).

On September 17, 2018, the Honorable Robert J. Conrad, Jr. issued an "Order" granting Plaintiff's motion to proceed *in forma pauperis* and dismissing Plaintiff's age discrimination claim under the Age Discrimination in Employment Act of 1967 ("ADEA"). (Document No. 4, p. 7).

The order found that Plaintiff's Americans with Disabilities Act of 1990 ("ADA") and retaliation claims survived initial review, and the Court directed that the United States Marshal attempt to serve process on the U.S. Postmaster General.  Id.  In directing that the Postmaster General be served, the Court held that the "head of the agency" is "[t]he proper Defendant" under both the ADA and Title VII.  Id. at p. 6.  For that reason, "Plaintiff's claims against the individual Defendants" were dismissed.  Id.

On February 15, 2019, Plaintiff filed a Second Amended Complaint.  (Document No. 16).  Plaintiff filed a Third Amended Complaint on April 14, 2020.  (Document No. 35).  In her Third Amended Complaint, Plaintiff alleges claims against USPS under the ADEA and the ADA, and also a claim for "retaliation."  Id. at p. 3.  The discriminatory conduct that Plaintiff alleges includes termination of employment, failure to accommodate her disability, unequal terms and conditions of employment, retaliation, and "[i]nitiated [r]esignation forms via U.S. [m]ail ([t]hree [t]imes)." Id. at p. 4.  The facts out of which her Third Amended Complaint arises relate to Plaintiff's development of plantar fasciitis in her foot while working as a mail carrier on walking routes for USPS.  Id. at p. 7.  After her injury, Plaintiff alleges that USPS "has tried to end [her] employment, denied [her] light duty, canceled [her] medical insurance, [and] wrote to stop [her workers' compensation]."  Id. at p. 6.

Defendant filed the pending "Federal Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" under seal on May 14, 2020.  (Document No. 42).  Defendant also filed a redacted version of its motion on the same day.  (Document No. 43).  Plaintiff filed a "Response To Federal Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment, Motion To Leave To File [sic] A Motion Exceeding 25 Pages And Motion To File Under Seal" on June 2, 2020.  (Document No. 45).  "Federal Defendant's

2

Reply In Support Of Its Motion To Dismiss Or, In The Alternative, For Summary Judgment" was filed on June 19, 2020 under seal. (Document No. 50). Defendant filed a redacted version of its reply on the same day. (Document No. 51). Plaintiff filed a surreply on July 8, 2020, her "Response To Federal Defendant's Reply In Support Of Its Motion To Dismiss Or, In The Alternative, For Summary Judgment," without leave of Court as required by Local Rule 7.1(e). (Document No. 52).

The motion has now been fully briefed and is ripe for review and a recommendation to the presiding district judge.

## II. STANDARD OF REVIEW

**Motion To Dismiss Under Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject-matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject-matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

When a defendant challenges subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss

"only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

**Motion To Dismiss Under Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

4

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant's pending motion makes a few arguments for dismissal of Plaintiff's Third Amended Complaint, only a few of which the undersigned will address here because these arguments are dispositive of the motion.[1] As to each of the claims – for retaliation (which the Defendant construes as being pled under Title VII, although the Title VII box was not checked on Plaintiff's Third Amended Complaint), for disability discrimination under the ADA, and for age-related retaliation under the ADEA – Defendant argues for dismissal because of Plaintiff's failure to exhaust administrative remedies. (Document No. 43); see (Document No. 35, p. 3). And as to Plaintiff's claim for age discrimination under the ADEA, Defendant contends that it should be dismissed both because (1) administrative remedies can be bypassed under the ADEA "only if the employee has given the EEOC at least 30 days' notice of an intent to sue *and* that notice is within 180 days of the alleged unlawful discrimination," and (2) the ADEA claim is otherwise "facially deficient." (Document No. 43, p. 33). Defendant argues that Plaintiff failed to give notice to the EEOC of her intent to sue within 180 days of the alleged discriminatory acts – dooming her ADEA claim. Id. Plaintiff's response disputes many of Defendant's characterizations of the underlying facts, which the undersigned will not recite here. See (Document No. 45).

---

[1] Defendant argues in the pending motion to dismiss that since McCaskey's Third Amended Complaint names USPS – rather than the Postmaster General – as Defendant, her claims "should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)" for lack of subject-matter jurisdiction, since there has been no waiver of sovereign immunity here "for any suit failing to name the head of the agency as defendant." (Document No. 43, p. 25 (citing 42 U.S.C. § 2000e-16(c))). Although the undersigned agrees with Defendant that the Postmaster General is the proper Defendant in this case rather than USPS itself, the Court declines to grant Plaintiff leave to amend her complaint for a fourth time because such amendment would be futile. The arguments for dismissal analyzed in the subsequent sections of this Memorandum And Recommendation apply with equal force to a complaint that properly named the Postmaster General as the defendant.

5

**Disability Discrimination Claims**

Defendant contends in its pending motion that McCaskey, as a federal employee, cannot bring suit under the ADA for discrimination on the basis of disability. (Document No. 43, pp. 26-27). Instead, federal employees bringing claims for disability discrimination must sue under the Rehabilitation Act. Brown v. Henderson, 6 F. App'x 155, 156 (4th Cir. 2001) (stating that "the Postal Service is not subject to suit under the ADA," and holding that federal employees raising a claim of disability discrimination must instead sue pursuant to the Rehabilitation Act). Of course, district courts evaluating a *pro se* Plaintiff's claims are obliged to construe such complaints liberally – "however inartfully pleaded" – because *pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted). But even if the Court were to "apply[] these liberal standards," and instead construe Plaintiff's ADA claim as a Rehabilitation Act claim (or grant McCaskey leave to amend her Third Amended Complaint), her disability discrimination claim under the Rehabilitation Act would be futile because it is subject to dismissal for failure to exhaust administrative remedies. Id. at 107. "Rehabilitation Act claims against the federal government must comply with the same administrative procedures that govern federal employee Title VII claims." Wilkinson v. Rumsfeld, 100 F. App'x 155, 157 (4th Cir. 2004).

Under Title VII (and the Rehabilitation Act), "federal employees [must] exhaust administrative remedies before filing suit." Stewart v. Iancu, 912 F.3d 693, 699 (4th Cir. 2019). The exhaustion requirement avoids "premature interruption of the administrative process" and serves the purpose of efficiency. McKart v. United States, 395 U.S. 185, 193-94 (1969). In order to properly exhaust administrative remedies, "federal employees [must first] consult an Equal Employment Opportunity [('EEO')] counselor within forty-five days of the alleged discriminatory

acts." McLaughlin v. Barr, 2020 WL 869914, at *3 (M.D.N.C. Feb. 21, 2020); 29 C.F.R. § 1614.105(a)(1). After this "pre-complaint" stage, federal employees then have "fifteen days to file a charge of discrimination with the agency" – which constitutes the formal complaint stage. McLaughlin, 2020 WL 869914, at *3; 29 C.F.R. § 1614.106(b). After filing a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), "[f]ederal employees may file a civil action based upon their administrative complaint [] within 90 days of receipt of notice of final agency action." Stewart, 912 F.3d at 698; 42 U.S.C. § 2000e-16(c). Or, if no agency action has been taken, a Plaintiff may file suit in federal court 180 days after the filing of the formal complaint (thus imposing a *waiting* period of 180 days, rather than a time *limit* of 180 days). Id.

Failure to timely proceed with any step of the above-described administrative process constitutes a failure to exhaust administrative remedies, which will subject the Plaintiff's "complaint [] to dismissal when the failure to exhaust is raised by the employer." McLaughlin, 2020 WL 869914, at *3. And although Title VII's charge-filing rule (the formal complaint stage) is mandatory, it is not jurisdictional. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1851 (2019). Thus, while failure to exhaust administrative remedies does not operate as a jurisdictional bar to the Court considering the Plaintiff's Third Amended Complaint, the Supreme Court has announced that these rules are "mandatory" and courts "must enforce the rule" – thus subjecting claims that have not been through the administrative process to dismissal. Id. at 1849, 1851.

Here, McCaskey "commenced informal agency counselor contact" through the pre-complaint process with an EEO counselor twice – the first time on May 29, 2017, and the second time on December 8, 2017. (Document No. 43, p. 19); see (Document No. 35-2, pp. 7, 14). Despite being informed of her right to file a formal complaint with the EEOC within 15 days of the receipt of the counselor's notice, McCaskey failed both times "to file any formal EEO complaints

7

following her two EEO pre-complaints." (Document No. 43, p. 27); see (Document No. 35-2, pp. 7, 14). Disability-related discrimination claims in Plaintiff's Third Amended Complaint, then, are subject to dismissal, and the undersigned respectfully recommends that Plaintiff's ADA claim (or liberally construed as a Rehabilitation Act claim) be dismissed for failure to exhaust administrative remedies.[2]

**Retaliation Claims**

As the Defendant does in its motion to dismiss, the undersigned will liberally construe Plaintiff's Third Amended Complaint as bringing a claim for "retaliation" under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e *et seq*.; (Document No. 43, pp. 23-24). The undersigned will also apply a further liberal construction to Plaintiff's retaliation claim and construe her Third Amended Complaint as also stating a claim for retaliation under the ADEA (as Defendant does). (Document No. 43, p. 34).

Although a plaintiff can "bring Title VII claims for the first time before a district court," this partial bypass of the administrative process for newly-raised claims is only permitted where these claims "are like or reasonably related to charges in the original administrative complaint, and if they reasonably could have developed from the agency's investigation of the original complaint." Stewart, 912 F.3d at 706; see also Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th

---

[2] In rare circumstances, "filing a timely charge of discrimination with the EEOC…is subject to [] equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The conditions for equitable relief do not apply here, because Plaintiff was advised of her right to file a formal administrative complaint, failed to do so, and instead proceeded directly to federal court. She impermissibly bypassed a crucial stage of the administrative process and skipped directly to filing a lawsuit in federal court, thus failing to exhaust her administrative remedies. Equitable tolling does not apply to such a scenario where Plaintiff did not file a formal administrative complaint *at all*. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (holding that "principles of equitable tolling…do not extend to what is at best a garden variety claim of excusable neglect" since "[f]ederal courts have typically extended equitable relief only sparingly," such as "where the complainant has been induced or tricked by his adversary's misconduct"); see also Baldwin Cty. Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (giving various reasons that might justify imposition of equitable tolling, such as where "a claimant has received inadequate notice," "where a motion for appointment of counsel is pending," "where the court has led the plaintiff to believe that she had done everything required of her," or where there was "affirmative misconduct on the part of a defendant [that] lulled that plaintiff into inaction").

Cir. 2005). This limited circumvention of the administrative process is permissible because if the claims newly raised in federal court are "reasonably related" to those claims in the formal administrative complaint, there is sufficient protection "against the gamesmanship concern that litigants will raise wholly unrelated claims for the first time before a district court." Stewart, 912 F.3d at 707. But, the "significant leeway" that courts are to give plaintiffs in this respect, and which thus justifies consideration of new claims not originally presented in the formal administrative complaint, assumes that there *was* a formal administrative complaint. Id. (quoting Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). The justification falls apart when the EEOC never had the opportunity to conduct an investigation where, as here, the Plaintiff failed to file a formal complaint after the counseling or pre-complaint period. This same principle applies to ADEA claims – here, a liberally construed retaliation claim under the ADEA – that are not first administratively exhausted. See Thomas v. North Carolina, 2013 WL 1966010, at *1 (W.D.N.C. May 10, 2013) (holding that the plaintiff's ADEA claim was dismissed because it "exceed[ed] the scope of [the] EEOC Charge").

Thus, failure to exhaust administrative remedies applies to Plaintiff's retaliation claims, too – under both Title VII and the ADEA – thus requiring dismissal of these claims. Although the Court does not decide here whether it would consider newly raised claims of retaliation if Plaintiff *had* filed a formal complaint with the EEOC, her failure to file that formal administrative complaint proves fatal to her retaliation claims, as it does to her disability discrimination claims.[3] Thus, the undersigned respectfully recommends dismissal of Plaintiff's retaliation claims.

**Age Discrimination Claims**

---

[3] For the reasons that equitable relief does not apply to Plaintiff's disability discrimination claims to excuse her failure to exhaust administrative remedies, so, too, is that doctrine not applicable to Plaintiff's retaliation claims.

9

Defendant argues that Plaintiff's ADEA claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff failed to comply with the procedural time requirements associated with the "direct-filing option" that permits filing "a civil action in federal court [under the ADEA] *without* seeking administrative relief." (Document No. 43, p. 33). Plaintiff attached as exhibits to her Third Amended Complaint two letters from dispute resolution specialists which indicate that for claims of age discrimination, McCaskey could "bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. district court." (Document No. 35-2, pp. 6, 13). In order to exercise this administrative bypass, McCaskey was first required to file a "notice of intent to sue with the EEOC" at least 30 days prior to filing such lawsuit. Id. The notice of intent to sue had to be filed with the EEOC "within 180 calendar days of the date of the alleged discriminatory action." Id. EEOC regulations confirm this alternative direct-filing avenue that permissibly circumvents the administrative process for age discrimination claims. See 19 C.F.R. § 1614.201(a); 29 U.S.C. § 633a(d).

McCaskey's notice of intent to sue was filed with the EEOC on March 22, 2018. (Document No. 35, p. 13). She filed her initial complaint in this Court on July 27, 2018. (Document No. 1). Thus, Plaintiff certainly complied with the 30-day waiting period for filing her lawsuit after giving the EEOC notice of her intent to sue. However, construing the facts in the Third Amended Complaint as liberally as possible, most of the discriminatory actions that could possibly give rise to an age-discrimination claim arose months before September 23, 2017 (180 days prior to March 22, 2018) – and thus, her notice of intent to sue was not timely filed with the EEOC on any action occurring before September 23, 2017. See (Document No. 51, p. 3); see also Stevens v. Dep't of Treasury, 500 U.S. 1, 6 (1991) (holding that the EEOC *was* timely given notice

of the plaintiff's intent to sue because the notice was filed "the 176th day after the alleged discriminatory action—petitioner's transfer and demotion []—had occurred," thus implying that notices of intent to sue filed *more* than 180 days after the alleged discriminatory action would not be timely filed and actions occurring over six months before filing the notice could not form the basis for lawsuit).

However, Plaintiff does allege that USPS changed her work status to "non[-]scheduled and non[-]pay on October 4, 2017" in her notice of intent to sue, which would come within the 180-day time frame under 19 C.F.R. § 1614.201(a). (Document No. 35, p. 14). As to this alleged discriminatory action related to her ADEA claim, then, the undersigned will analyze whether Plaintiff has met the elements to succeed on a motion to dismiss (she has not).

"To succeed on an ADEA claim, [Plaintiff] must prove, by a preponderance of the evidence (which may be direct or circumstantial), that age was the but-for cause of the challenged employer decision." Bodkin v. Town of Strasburg, Virginia, 386 F. App'x 411, 413 (4th Cir. 2010) (internal quotations and citations omitted). Where a Plaintiff seeks to prove her age discrimination claim using circumstantial evidence, the McDonnell Douglas burden-shifting framework applies. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (applying the McDonnell Douglas framework to ADEA claims). In order to succeed under this burden-shifting framework, a Plaintiff must show:

> (1) [s]he is "a member of a protected class" – that is, 40 years or older; (2) [s]he "suffered an adverse employment action"; (3) [s]he "was performing [her] job duties at a level that met [her] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open" or [s]he was replaced by a substantially younger person.

Bodkin, 386 F. App'x at 413 (quoting Hill v. Lockheed Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004)).

In this Court's Order on September 17, 2018, the Honorable Robert J. Conrad, Jr. decided that Plaintiff failed to state a *prima facie* case of age discrimination in Plaintiff's Amended Complaint because "she [] failed to adequately allege that she was performing her job duties at a level that met [her] employers' legitimate expectations at the time of the adverse employment action or that the position remained open or was filled by similarly qualified applicants outside of the protected class." (Document No. 4, p. 5). The undersigned has thoroughly reviewed Plaintiff's Third Amended Complaint and construed it liberally, and the Court concludes that there are no new allegations in the Third Amended Complaint that save Plaintiff's ADEA claim from dismissal or otherwise disturb the Court's earlier finding that she failed to state a successful ADEA claim under Fed.R.Civ.P. 8(a)(2) in her First Amended Complaint.

Plaintiff has adequately pled that she was (1) over 40 years old; and (2) suffered an adverse employment action. (Document No. 35, pp. 9, 14). Here, the only possible adverse employment action that survives from her notice of intent to sue is the October 4, 2017 decision by Tarra Witherspoon to place McCaskey on non-scheduled, non-pay status as all other potential adverse employment actions would not be timely raised, given the rule that any adverse action in the notice of intent to sue must have occurred within 180 days of filing such notice. 19 C.F.R. § 1614.201(a). As to the third element of the *prima facie* case, taking the facts in the Third Amended Complaint as true, Plaintiff adequately states that she "was working up to [her] employers' legitimate expectations, [and] [a]lthough she was injured, [she] was still showing up for work and worked mail routes that accommodated [her] condition until it was no longer allowed." (Document No. 35, p. 7). But the fourth required element still dooms her age discrimination claim – Plaintiff still has not plausibly alleged that her position either (1) is still open or (2) was filled with a younger person.

Thus, the undersigned respectfully recommends that Plaintiff's age discrimination claim under the ADEA be dismissed, both because Plaintiff failed to comply with the procedural time requirements for directly filing an ADEA claim in federal court under 19 C.F.R. § 1614.201(a) and because for the only possible adverse employment action that *could* form the basis of an ADEA claim because of procedural time limits, Plaintiff fails to state a claim for age-related employment discrimination.

**Termination Claim**

Plaintiff's Third Amended Complaint indicates that "[t]ermination of [her] employment" is one of the discriminatory actions that forms the basis for her various claims. In her response to Defendant's motion, McCaskey indicates that her employment was terminated on February 25, 2020. (Document No. 45, p. 4). As Defendant notes, however, "any termination resulting from McCaskey's second 30-Day Notice of Removal dated January 17, 2020, cannot be considered as a viable part of the Complaint" since McCaskey "has not alleged exhaustion of administrative remedies as to that second 30-Day Notice of Removal." (Document No. 43, p. 26). Plaintiff does not state that she either (1) began the administrative process after receiving the January 2020 Notice of Removal by contacting an EEO counselor to initiate the pre-complaint stage and thereafter fully exhausted her administrative remedies; or (2) gave notice to the EEOC of her intent to sue on this specific discriminatory conduct of termination prior to bringing a claim in federal court if she were to allege that her termination resulted from discrimination on the basis of age. Thus, the undersigned respectfully recommends that any discrimination claim resulting from Plaintiff's termination of her employment must also be dismissed, for the reasons previously stated.

13

As to Defendant's other arguments for dismissal of the Third Amended Complaint, the undersigned finds such arguments convincing but declines to address them in this Memorandum And Recommendation.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Federal Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Document No. 42) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: March 26, 2021

David C. Keesler
United States Magistrate Judge