UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-411-RJC-DCK

| | |
|---|---|
| DESHANE A. MCCASKEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br> Defendant. ) <br> ) | AMENDED ORDER |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, (Doc. Nos. 42); *pro se* Plaintiff's Response, (Doc. No. 45); Defendant's Reply, (Doc. No. 50–51); *pro se* Plaintiff's Surreply, (Doc. No. 52); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 53); recommending that this Court grant the Defendant's motion; and *pro se* Plaintiff's Objection, (Doc. No. 54), filed after the time for doing so had expired. Fed. R. Civ. P. 72(b)(2).

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."

1

28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Despite notice that objections would be due within 14 days, *pro se* Plaintiff did not file any objections within that timeframe. *Pro se* Plaintiff then later did file an objection, but not until after the deadline for doing so had passed. Defendant did not file any objection. As a result, the two parties have

2

waived their right to *de novo* review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 53), is **ADOPTED**;
2. The United States Postal Service's Motion to Dismiss or in the Alternative Motion for Summary Judgment, (Doc. No. 42), is **GRANTED**; and
3. The Clerk of Court is directed to close this case.

Signed: May 3, 2021

Robert J. Conrad, Jr.
United States District Judge